[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DETERMINE PRIORITIES
The plaintiff excavation contractor sought in this action to foreclose on property of the defendant Chase Development Group, Inc. for road work and site excavation on the defendant's Chestnut Hill residential subdivision. The defendant bank is the CT Page 5238 construction mortgage lender on the property.
The plaintiff filed its lien on January 2, 1990, alleging the commencement of work in October, 1990. The defendant bank's mortgage is dated September 14, 1988 and was recorded September 15, 1988.
The plaintiff seeks to correct its mechanic lien and complaint to indicate that the work was commenced in March, 1988.
The defendant bank corrected its mortgage on February 1, 1990 to add two lots to its mortgage lien.
If the plaintiff had a valid lien which related back to March, 1988, it would have priority over the mortgage lien on the property.
The parties dispute the factual issue of the commencement date, but that determination is not necessary for the resolution of the relative priority of the mechanic's lien and mortgage.
The plaintiff executed a subordination agreement on April 2, 1990 in connection with a modification of the construction mortgage.
The subordination agreement, by its express terms, subordinates plaintiff's mechanic's lien to the mortgage, corrected mortgage and any mortgage modifications.
The plaintiff's president testified that he had the advice of counsel for the execution of the subordination agreement, and believed that the bank would foreclose against the owner if he failed to agree to the subordination. He believed he was not compromising his interests and was not at that time aware of the corrected commencement date, which was prior to the mortgage.
The subordination agreement expressly recognizes the priority of the bank's interest in the property. This expression can not be overcome by plaintiff's evidence as to confusion as to its rights and purpose. "The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used." Zullo v. Smith, 179 Conn. 596,601, 427 A.2d 409 (1980); Fletcher-Terry Co. v. Grzeika, 1 Conn. App. 422,431 (1984).
The subordination agreement (Exhibit #4) controls, regardless of the date plaintiff commenced providing services and materials to the project. Plaintiff, by executing the subordination agreement, gave priority to the banks entire lien over its CT Page 5239 mechanic's lien.
The plaintiff introduced evidence that the subordination agreement was executed to avoid the defendant bank foreclosing its mortgage against the defendant property owner. The refinancing by the bank benefitted [benefited] the plaintiff by allowing the owner to continue with it project and be able to pay plaintiff for its services. The foreclosure would have the probable consequence of terminating the defendant property owner/developers interest in the project, and the plaintiff's lien. There was sufficient consideration to support the contractual agreement evidenced by the subordination agreement.
Plaintiff's lien is subordinate to the mortgage as corrected and modified. In this action, plaintiff's foreclosure will not effect the interest of defendant bank.
McWEENY, J.